**SIGNED THIS: August 29, 2007**

_____
**GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                              )
                                    )
FRANK GALLO,                        )  Bankruptcy Case No. 05-92345
                                    )
                 Debtor.            )

OPINION

  This matter having come before the Court on a Motion of the Debtor for Order Directing Gillian A. Emery to Turnover Property of the Estate; Respondent, Gillian A. Emery's, Objection to Debtor's Motion for Turnover; Respondent, Gillian A. Emery's Motion in Limine; Debtor's Response to Gillian A. Emery's Motion in Limine; Debtor's Objection to Proof of Claim Filed by Gillian A. Emery (Claim No. 7); and Creditor Emery's Answer to Debtor's Objection to Proof of Claim; the Court, having heard sworn testimony and arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

<u>Findings of Fact</u>

  The material facts in this matter are not in significant dispute and are, in pertinent part, as follows:

1. The Debtor and Gillian A. Emery (Emery) were married in 1991.

2. In approximately 1995, the Debtor and Emery, together, purchased a home located at 744 Martha's Lane, Sanibel, Florida. The purchase price of the property was $185,000, and was paid in full by the Debtor and Emery in cash.

3. During the year 2002, the Debtor and Emery commenced a marriage dissolution proceeding in the Circuit Court of the Sixth Judicial Circuit, Champaign County, Illinois.

4. On June 30, 2005, the Debtor filed the instant Chapter 13 proceeding. The Debtor voluntarily dismissed a prior Chapter 13 proceeding (No. 01-93077) just prior to the filing of this case.

5. On July 11, 2005, the Debtor filed a Chapter 13 Plan of Reorganization, which was subsequently confirmed, without objection, on October 3, 2005.

6. A major part of the funding of Debtor's present Chapter 13 Plan relied on a payment by Gillian A. Emery to the Chapter 13 Trustee ordered by the Circuit Court for the Sixth Judicial Circuit, Champaign County, Illinois, on July 27, 2004, in its Memorandum Opinion and Supplemental Judgment of Dissolution of Marriage. The Judgment of Dissolution specifically directed Emery to make payments to James R. Geekie, as Chapter 13 Trustee, in the total amount of approximately $125,062.97. The Judgment of Dissolution entered by the Circuit Court of Champaign County, Illinois, on July 27, 2004, did not establish general deadlines for Emery to make the payments as ordered; however, the Judgment of Dissolution did require that Emery pay the sum of $27,087.50, representing dissipated art work, within 60 days of the date of the Judgment of Dissolution.

7. In addition to ordering Emery to make payments to the Chapter 13 Trustee, the Circuit Court of Champaign County, Illinois, also found that the residential property purchased in Sanibel, Florida, was a marital asset. Under the Judgment of Dissolution, the

Circuit Court awarded the Sanibel property to Emery. The parties in the dissolution proceeding stipulated that, at that time, the Sanibel property had a value of $340,000.

8. In its award of the Sanibel property to Emery, the Circuit Court of Champaign County, Illinois, found that the award was inequitable, but the inequity was "somewhat offset" by the fact that, among other things, Emery was required to make payments to Chapter 13 Trustee James R. Geekie to fund the Debtor's Chapter 13 Plan of Reorganization. On November 10, 2004, while in a prior Chapter 13 proceeding, the Debtor delivered an executed deed transferring his interest in the Sanibel property to Emery as ordered by the Circuit Court in its Order of July 27, 2004.

9. As in the present Chapter 13 proceeding, the Debtor's prior Chapter 13 bankruptcy relied on the payments from Emery to the Chapter 13 Trustee for its funding in large part.

10. Although the Debtor had performed his obligation to deed the Sanibel, Florida, property to Emery, Emery did not make payments to the Debtor's Chapter 13 Trustee, in either this case or Debtor's prior case, as ordered by the Circuit Court of Champaign County, Illinois, in the Judgment of Dissolution. As a result, on November 29, 2004, Richard Kurth, the Debtor's former bankruptcy counsel, recorded a Notice of Lis Pendens, in Florida, against the Sanibel property.

11. On February 23, 2005, Emery borrowed $350,000, from the Sanibel-Captiva Bank, with the loan secured by a mortgage on the Sanibel property. Emery was able to get the mortgage on the Sanibel property notwithstanding the fact that the lis pendens recorded on November 29, 2004, was still recorded against the real estate.

12. Emery used the entire $350,000 proceeds from the mortgage on the Sanibel property toward the purchase of a new home with a $705,000 purchase price, also located on Sanibel Island.

13.  In September 2005, Emery sold the Sanibel property that was the subject of the July 25, 2004, Order of the Circuit Court of Champaign County, Illinois, for the sum of $490,000.

14.  In the proceedings before this Court, the Debtor seeks to have Emery pay the sums ordered by the Circuit Court of Champaign County, Illinois, to the Chapter 13 Trustee. In response, Emery seeks to have her obligation to pay the Chapter 13 Trustee offset in total by the allowance of her proof of claim against the Debtor for damages alleged in a slander of title action brought by Emery against the Debtor in Lee County, Florida.

Conclusions of Law

The Court will first address Emery's Motion in Limine, in which she seeks to bar the Debtor from admitting any evidence that he did not authorize or consent to the act by his former counsel, Richard Kurth, of filing Notice of Lis Pendens against the property located at 744 Martha's Lane, Sanibel, Florida. While the Court agrees with Emery that Florida law controls this issue, the Court finds that the cases cited by Emery fail to support the relief she requests. There is no question that, under Florida law, a presumption arises that an attorney is duly authorized to act for a client who he or she represents. See: Mendelsund v. Southern-Aire Coats of Florida, Inc., 210 So.2d 229 (Fla.3d DCA 1968), and Rule 2.505 of the Florida Rules of Judicial Administration. However, Emery has cited no law showing that this presumption is not rebuttable. Moreover, the evidence which Emery seeks to bar is relevant to the issue of whether the Notice of Lis Pendens was filed in good faith. As is undisputed, a slander of title claim under Florida law requires a showing of malice and the affirmative defense of good faith raises a privilege, thereby creating a factual issue as to the existence of malice. See: Residential Communities of America v. Ascondido Community Association, 645 So.2d 149 (Fla. 5th DCA 1994). Thus, the evidence Emery seeks to bar in this proceeding is not only relevant and admissible with respect to the authority of the Debtor's former counsel to record the Notice of Lis Pendens, it is also relevant and admissible with

4

respect to the issue of Debtor's good faith. The Court would note that a review of the testimony of the Debtor concerning the authority of his former counsel to file the Notice of Lis Pendens was credible, and that, while the Debtor did not have knowledge that his former counsel filed the Lis Pendens, the Debtor offered no testimony to convince the Court that Debtor's former counsel acted outside of the scope of his implied authority to represent the Debtor in these matters. Thus, while the Court finds that it must deny Emery's Motion in Limine, it finds that the evidence presented by the Debtor does not establish that his former counsel was not authorized to file the Notice of Lis Pendens.

In addressing the Motion of the Debtor for Order Directing Gillian A. Emery to Turnover Property of the Estate, the Court finds that there is no dispute that the Order of the Circuit Court of Champaign County, Illinois, of July 27, 2004, directing Emery to pay certain sums to the Debtor's Chapter 13 Trustee is a valid and non-appealable order. As such, the only issue before the Court is whether Emery's obligation to pay the Chapter 13 Trustee under the terms of the Circuit Court Order should be offset by the allowance of her proof of claim for damages against the Debtor.

Under Florida law, in order to prove a claim for slander of title, the plaintiff needs to prove: (1) that a false and malicious statement was made; (2) in disparagement of the plaintiff's title to the property in question; (3) that causes the plaintiff damage. Ridgewood Utilities Corp. v. R. L. King, 426 So.2d 49 (Fla. 2d DCA 1982). The element is presumed if the disparaging statement is found to be false, that it caused damage, and that it was not privileged. Gates v. Utsey, 177 So.2d 486 (Fla. 1st DCA 1965); Allington Towers Condominium North, Inc. v. Allington Towers North, Inc., 415 So.2d 118 (Fla. 4th DCA 1982). Under the facts presented in this case, the Court cannot find, as a matter of law, that the Notice of Lis Pendens filed by the Debtor against the Sanibel property owned by Emery was false. The terms of the July 27, 2004, Circuit Court Order make it clear that the Debtor's transfer of the Sanibel property was only equitable if Emery paid Debtor's Chapter 13 Trustee

the sums set out by the Circuit Court. The facts are clear that the Debtor held up his duty in transferring the Sanibel property to Emery. However, Emery has never paid any sums to the Chapter 13 Trustee. Given these facts, the Court must conclude that the Notice of Lis Pendens was not false, the Notice was filed in an effort to protect the Debtor's equitable interest in the property, and it was altogether possible that litigation could have ensued in the Circuit Court of Champaign County in the parties' dissolution proceedings to rescind the Debtor's transfer of title to Emery given the fact that Emery did not make the payments to the Chapter 13 Trustee as envisioned by the Circuit Court.

In addition to finding that the Notice of Lis Pendens filed by the Debtor against the Sanibel property was not false, the Court finds that the Notice of Lis Pendens was filed in good faith in an effort to protect the Debtor's equitable interest in the Sanibel property and to attempt to enforce Emery's obligation to make payments to the Debtor's Chapter 13 Trustee. Given that the Notice of Lis Pendens was not a false notice, the issue of malice is not presumed in this case. As such, the Plaintiff must prove actual malice. See: Residential Communities of America v. Ascondido Community Association, supra at 150. See also: Allington Towers Condominium North, Inc. v. Allington Towers North, Inc., supra at 119. Under the facts before the Court, the Court can easily conclude that there is absolutely no evidence which shows that the Notice of Lis Pendens was filed with actual malice by the Debtor. In addition to finding that the Notice of Lis Pendens was not false and that it was not filed with actual malice, the Court also concludes that Emery has failed to prove damages. The contract which Emery seeks to use to show her damages was a contract for the purchase of real estate, which, under Florida law, like Illinois law, must be in writing as required by the Statute of Frauds. No writing has ever been produced, despite the testimony of Emery and the alleged purchaser, Adam Menkes. Additionally, the Court would note that the Sanibel property eventually sold for the sum of $490,000 in September 2005, and that that sum was far in excess of the value which the parties stipulated to under their Memorandum

6

Opinion and Supplemental Judgment of Dissolution of Marriage entered by the Circuit Court of Champaign County, Illinois, on July 27, 2004.

Having found that Emery has failed to prove the necessary elements of her claim, the Court concludes that it must allow the Debtor's Objection to Proof of Claim Filed by Gillian A. Emery (Claim No. 7) in Debtor's Chapter 13 bankruptcy proceeding. The Court further finds, in that there is no dispute that the Order of the Circuit Court of Champaign County, Illinois, of July 27, 2004, directing Emery to pay certain sums to the Debtor's Chapter 13 Trustee is a valid and non-appealable order, the Motion of the Debtor for Order Directing Gillian A. Emery to Turnover Property of the Estate must be allowed.

###