**SIGNED THIS: February 28, 2011**

_____
**GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                                    )
                                          )
FRANK GALLO,                              )  Bankruptcy Case No. 05-92345
                                          )
              Debtor.                     )

OPINION

This matter having come before the Court on a Motion to Vacate Dismissal Order filed by the Chapter 13 Trustee, United States' Response on Behalf of the Internal Revenue Service to the Trustee's Motion to Vacate Dismissal of Bankruptcy, Debtor Frank Gallo's Joinder of the Chapter 13 Standing Trustee's Motion to Vacate Dismissal Order and for Other Relief, and Objection to Debtor's and Trustee's Motion to Vacate Dismissal and to Allow Discharge filed by Creditor Charles M. Linke; the Court, having heard arguments of counsel, and having reviewed the record of Debtor's bankruptcy proceeding and the written memoranda of law submitted by the parties, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on July 11, 2005. The Debtor's Chapter 13 Plan, confirmed on October 3, 2005, upon the recommendation of the

Chapter 13 Trustee, James Geekie, contained two payment components: (1) that the Debtor was to pay $525 per month for a period of 60 months, and (2) that Debtor's former spouse, Gillian Gallo Emery, was to pay certain sums pursuant to a settlement order dated July 27, 2004, entered in the Debtor's State Court dissolution proceeding. The record of the Debtor's bankruptcy proceeding indicates that, while the Debtor paid all of the payments he was to make under the Plan; none of the payments due from Gillian Emery, pursuant to the settlement order entered in the dissolution proceeding, were paid; and, as a result of Gillian Emery's filing for Chapter 7 relief in Florida, under Case No. 10-01443, the Settlement Order of July 27, 2004, is uncollectible at this time.

Despite the fact that not all of the payments contemplated by the Debtor's confirmed Chapter 13 Plan were made, the Debtor, with the Trustee's recommendation, seeks a discharge pursuant to the provisions of either 11 U.S.C. § 1328(a) or 11 U.S.C. § 1328(b). Creditor, Charles M. Linke, has objected to the relief sought by the Debtor and has been joined in that objection by the United States on behalf of the Internal Revenue Service.

## Conclusions of Law

The determination of whether a debtor is entitled to a Chapter 13 discharge is governed by 11 U.S.C. § 1328. In order to receive a discharge in a Chapter 13 case, a debtor must meet either the requirements of 11 U.S.C. § 1328(a) or the requirements of 11 U.S.C. § 1328(b). The Court will first examine the requirements of 11 U.S.C. § 1328(a) as they apply to the facts of this case. Title 11 U.S.C. § 1328(a) states:

> § 1328.  **Discharge**
>
> (a)   Subject to subsection (d), as soon as practicable after completion by the debtor *of all payments under the plan*, and in the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such debtor certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid, unless the court approves a written waiver of discharge executed by the debtor after

> the order of relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt-- . . . (emphasis added)

The Debtor's Chapter 13 Plan, which was confirmed on October 3, 2005, requires that unsecured creditors be paid 100% of their allowed claims. Pursuant to the clear meaning of 11 U.S.C. § 1328(a), the Debtor's Plan has not been completed in that none of his unsecured creditors have been paid 100% of their allowed claims. In fact, none of Debtor's unsecured creditors have been paid the percentage proposed in the Debtor's Plan. A discharge can not be granted where there has been no completion of payments within the meaning of the discharge provision of 11 U.S.C. § 1328(a). In re Roberts, 247 B.R. 592, *aff'd* 279 B.R. 396, *aff'd* 279 F.3d 91 (Bankr. Dist. R.I. 2000). The completion of payments occurs when the debtor has paid the percentage owed to each class of creditors as provided for in the plan. In re Phelps, 149 B.R. 534 (Bankr. N.D. Ill. 1993); In re Chancellor, 78 B.R. 529 (Bankr. N.D. Ill. 1987). The requirement that creditors be paid as provided for in the plan before a discharge can be entered holds true even in a situation where a debtor has made all of his or her scheduled monthly payments, but at the conclusion of the plan did not pay the creditors the full amount as provided. In re Rivers, 77 B.R. 332 (Bankr. C.D. Cal. 1995); In re Carr, 159 B.R. 538 (Dist. Neb. 1993). Given the Debtor's failure to make all payments contemplated for by his Chapter 13 Plan and his failure to pay unsecured creditors 100% of their allowed claims as provided for in the Plan, the Court finds that a discharge cannot be granted under 11 U.S.C. § 1328(a).

Having found that the Debtor has failed to make all the payments provided for under his Plan and to pay unsecured creditors 100% of their allowed claims, the Court next turns to 11 U.S.C. § 1328(b), which states:

> § 1328.    **Discharge** . . .
>
>   (b)    Subject to subsection (d), at any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if --

>   (1)   the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
>
>   (2)   the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and
>
>   (3)   modification of the plan under section 1329 of this title is not practicable.

In order to be granted a discharge under 11 U.S.C. § 1328(b), the Debtor must meet all three conditions required under that section. A review of the undisputed facts in this case makes it clear that the Debtor cannot meet the conditions provided under 11 U.S.C. § 1328(b)(2). The Debtor clearly has excess equity in real estate, the value of which has not been paid through the Debtor's Plan. As such, no hardship discharge can be granted pursuant to 11 U.S.C. § 1328(b).

Having concluded that the Debtor cannot meet the requirements of either 11 U.S.C. § 1328(a) or 11 U.S.C. § 1328(b), the Court must find that the Debtor is not entitled to a discharge in this case. The Debtor's Chapter 13 bankruptcy was dismissed by Order of this Court on November 10, 2010, without the entry of a discharge, and that Order will not be vacated.

###